UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED OHIO INSURANCE CO., | ) | |
|     Plaintiff | ) | CIVIL ACTION |
| | ) | NO. |
| v. | ) | |
| | ) | |
| LOUIS CICARELLI, | ) | |
| DES PRINDLE, AND | ) | |
| DOWN TO EARTH TREE SERVICE, LLC | ) | |
| | ) | |
|     Defendants | ) | JUNE 4, 2025 |

## DECLARATORY JUDGMENT COMPLAINT

The Plaintiff, United Ohio Insurance Co., ("United Ohio" or "Plaintiff"), through its undersigned counsel, alleges as follows for its Declaratory Judgment Complaint against the Defendants, Louis Cicarelli, Des Prindle, and Down to Earth Tree Service, LLC:

## NATURE OF ACTION

1. This is a civil action for declaratory relief. Plaintiff seeks a declaration that it has no duty to defend and/or indemnify Louis Cicarelli under the policy of insurance between United Ohio and Down to Earth Tree Service, LLC, with respect to claims made by Des Prindle in the lawsuit captioned <u>Prindle v. Down to Earth Tree Services, LLC et al.</u>, Docket No. WWM-CV21-6022646-S (the "Prindle lawsuit"), currently pending in Connecticut Superior Court.

## PARTIES

2. Plaintiff, United Ohio, is an insurance company incorporated in the State of Ohio, with its principal place of business in Bucyrus, Ohio, that is authorized to provide insurance in the State of Connecticut.

1

NEUBERT, PEPE & MONTEITH, P.C.
750 MAIN STREET, HARTFORD, CT 06103-3598
PHONE NO. (860) 548-1122; FAX NO. (860) 548-1223
JURIS NO. 440923

3. Louis Cicarelli is a natural person who resides in Putnam, Connecticut.

4. Des Prindle is a natural person who resides in Brooklyn, Connecticut.

5. Down to Earth Tree Service, LLC is a limited liability company organized in the State of Connecticut, with a principal place of business in Putnam, Connecticut.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. § 1332, the Court has jurisdiction over this controversy based upon diversity of citizenship because this matter is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

7. An actual controversy exists between the Plaintiff and the Defendants for purposes of 28 U.S.C. § 2201(a), pursuant to which the Plaintiff seeks a declaration of the rights and legal relations of the parties. The controversy between the parties is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

8. Pursuant to 28 U.S.C. § 1391(a), venue is proper in the District of Connecticut because the Policy was issued to a Connecticut insured and the incident giving rise to the parties' demands for defense and indemnification occurred in Connecticut.

## FACTUAL BACKGROUND

**THE UNDERLYING LAWSUIT**

9. Des Prindle filed a lawsuit against Down to Earth Tree Services, LLC, Lisa Richards, Bruce Richards and Louis Cicarelli (the "Prindle" lawsuit).

10. Lisa Richards and Bruce Richards were subsequently dismissed from the action on January 8, 2024, and are no longer parties to the Prindle lawsuit.

11.     In the Prindle lawsuit, the operative Fourth Revised Complaint alleges a claim of negligence against Down to Earth in Count One, and a claim against Cicarelli, individually, in Count Six.

12.     In the Prindle lawsuit, Prindle alleges that on August 29, 2019, he was engaged by Down to Earth to cut a tree on a property located in Brooklyn, Connecticut.

13.     In Count One of Prindle's Complaint, he alleges that at the time he was working as an employee of Down to Earth, using its equipment, and acting under the supervision, direction and control of its principal, agent and or apparent agent, Cicarelli.

14. In Count One of Prindle's Complaint, he further alleges that Down to Earth was negligent in numerous ways, including in failing to supervise, require compliance with reasonable workplace safety industry standards and require the use of appropriate equipment, which Prindle alleges caused him to sustain injuries.

15.     In Count Six of Prindle's Complaint, he alleges that Down to Earth was owned by Cicarelli (and others), and that Cicarelli was an agent, employee or servant of Down to Earth.

16.     In Count Six of Prindle's Complaint, he alleges that Cicarelli exercised possession and control of the work site where he was injured, controlled the means and methods of work being performed, and that Prindle's injuries were allegedly caused by the negligence of Cicarelli.

**THE POLICY**

17.     On August 29, 2019, an insurance contract existed between Down to Earth Tree Service, LLC and United Ohio by way of policy number BP 0039873 with a coverage period from July 3, 2019 to July 3, 2020 (the "Policy").

18.     The Policy provides, in Section II – Liability (Form BP 00 03 010), as follows:

    **A.**    **Coverages**

    **1.**    **Business Liability**

    **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. . . .

19. The Policy, in Section II(C) of Form BP 00 03 01 10, contains the following provisions regarding who is an insured under the Policy:

    **C.**    **Who Is An Insured**

    **1.**    If you are designated in the Declarations as:
. . . .
    **c.**  A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
. . . .

20. The named insured in the Policy, identified in the Policy Declarations, is Down to Earth Tree Service, LLC, which is a limited liability company.

### COUNT ONE

1-20. Paragraphs 1-20 are hereby incorporated as if fully set forth herein.

21. Upon information and belief, Cicarelli is or was a member and/or manager of Down to Earth Tree Service, LLC.

22. Although the Policy defines insured, in pertinent part, as including members and managers of a limited liability company, the Policy specifically provides that such members are

4

**only** insureds with respect to the conduct of Down to Earth Tree Service, LLC's business, and that such managers are **only** insureds with respect to their duties as Down to Earth Tree Service, LLC's managers.

23. The job at which Des Prindle was allegedly injured (which is the subject of the Prindle lawsuit) was **not** a job contracted by Down to Earth Tree Service, LLC, but rather a side job taken by Cicarelli and Prindle.

24. The aforementioned side job taken by Cicarelli and Prindle, at which Prindle was allegedly injured, was undertaken without the knowledge, permission or directive of Down to Earth Tree Service, LLC.

25. The aforementioned job at which Prindle was allegedly injured was not a Down to Earth Tree Service, LLC job, and was not a job that was being conducted in the course of Down to Earth Tree Service, LLC's business.

26. Because Prindle's alleged injuries occurred at a side job which was not a job that was being conducted in the course of Down to Earth Tree Service, LLC's business, Ciccarelli is **not** an insured with respect to the claims in the Prindle lawsuit.

27. In connection with the aforementioned job at which Prindle was allegedly injured, Cicarelli was not performing duties as a manager of Down to Earth Tree Service, LLC.

28. Because Cicarelli was not performing duties as a manager of Down to Earth Tree Service, LLC at the aforementioned job at which Prindle was allegedly injured, Ciccarelli is **not** an insured with respect to the claims in the Prindle lawsuit.

29. United Ohio is therefore entitled to a declaration that it does not have a duty to defend Louis Cicarelli as to any claims against him in the Prindle lawsuit.

30. There are actual, bona fide and substantial questions and issues in dispute, and a substantial uncertainty of legal relations that require settlement between the parties.

## COUNT TWO

1-30. Paragraphs 1-30 are hereby incorporated as if fully set forth herein.

31. United Ohio is entitled to a declaration that it does not have a duty to indemnify Louis Cicarelli as to any claims against him in the Prindle lawsuit.

32. There are actual, bona fide and substantial questions and issues in dispute, and a substantial uncertainty of legal relations that require settlement between the parties.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, United Ohio Insurance Co., respectfully requests that the Court issue a Declaratory Judgment as follows:

1. Declaring that United Ohio Insurance Co. does not have a duty to defend Louis Cicarelli for all claims alleged against him in the Prindle lawsuit;

2. Declaring that United Ohio Insurance Co. does not have a duty to indemnify Louis Cicarelli for all claims alleged against him in the Prindle lawsuit.; and

3. Granting United Ohio Insurance Company such other and further relief including relief pursuant to 28 U.S.C. § 2202, as the Court may deem just and proper.

                PLAINTIFF
                UNITED OHIO INSURANCE CO.

BY   */s/Deborah Etlinger*
       Deborah Etlinger (ct 02877)
       Erin Canalia (Ct 30489)
       NEUBERT, PEPE & MONTEITH, P.C.
       750 Main Street, Suite 200
       Hartford, CT 06103
       Phone 860.548.1122 | Fax 860.548.1223
       detlinger@npmlaw.com
       ecanalia@npmlaw.com

NEUBERT, PEPE & MONTEITH, P.C.
750 MAIN STREET, HARTFORD, CT 06103-3598
PHONE NO. (860) 548-1122; FAX NO. (860) 548-1223
JURIS NO. 440923